

870

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-3995
Re: Authority of Comptroller of
Public Accounts to issue a
warrant in payment of salary
of Special Commissioner of
Eighth Court of Civil Appeals,
in the absence of a specific
appropriation for the payment
of such salary.

You request the opinion of this Department upon the
question of whether you have authority under the laws to issue
a warrant in payment of the salary of Mr. Joseph McGill, Special
Commissioner for the Court of Civil Appeals at El Paso, Texas,
in the absence of a specific appropriation for the payment of
such salary.

It appears that on February 11th the Governor appoint-
ed Mr. McGill as Special Commissioner on the Eighth Court of
Civil Appeals at El Paso, Texas, to serve during the incapacity
of Associate Justice Walthall, under the provisions of Article
1813, Vernon's Annotated Texas Civil Statutes. Mr. McGill quali-
fied for the office by taking the oath on February 14th of this
year, and the Clerk prepared and sent to the Comptroller a sup-
plemental payroll for the monthly salary claimed to be due for
the month of February. Article 1813 provides, in part, that the
Special Commissioner appointed under the provisions of such
Article shall be paid a salary equal in amount to that provid-
ed by law for the Associate Justice for whom he serves. It ap-
pears that the Legislature has made no appropriation for the cur-
rent biennium to pay the salaries of such Special Commissioners.

It seems that Mr. McGill claims that under the deci-
sion of Lightfoot, Attorney General, v. Lane, Comptroller, 104
Tex. 447, 140 S. W. 89, it is the duty of the Comptroller to
issue to him a warrant on the Treasury for the monthly salary
claimed to be due him, even though no appropriation is presently

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE

Honorable George H. Sheppard, page 2

available for the payment of such salary.

The decision referred to held that the officer of the State whose salary was fixed by the Constitution or by law had the right to have the Comptroller issue to him a warrant for the monthly installments due on such salary, even though no appropriation had been made by the Legislature for the payment thereof. This decision was expressly predicated upon the provisions of Article 4854 of the Revised Statutes of 1895, which read as follows:

"Officers entitled to salaries may demand monthly payment of the same; and upon filing with the Comptroller of Public Accounts proper vouchers, the Comptroller shall issue his warrant upon the Treasurer for the amount of salary due to the officer applying therefor; and the Treasurer shall pay such warrant out of the fund appropriated for the payment of the same."

The decision points out that this Article expressly requires the Comptroller to issue his warrant upon the Treasurer for the amount of salary due to the officer applying therefor, and observes that under the provisions of such statute it is not the concern of the Comptroller as to whether or not an appropriation has been made out of which such warrant can be paid by the Treasurer.

Since the decision of Lightfoot v. Lane, this Article has been amended. It now appears in the Revised Civil Statutes of 1925 as Article 6826, and reads as follows:

"Annual salaries provided for in this title shall be paid monthly on warrants drawn by the Comptroller on the Treasurer."

The express direction to the Comptroller to issue his warrant upon the Treasurer for the amount of salary due to the officer, which was made the sole basis of the decision in the case of Lightfoot v. Lane, no longer appears in such Article. The decision in the case referred to, therefore, is not authority for the issuance of the warrant in this case.

The authority of the Comptroller to issue this warrant, therefore, depends upon the provisions of Chapter 2 of Title 70 of the Revised Civil Statutes of Texas.

Honorable George H. Sheppard, page 3

Article 4344 of this chapter provides that the Comptroller shall, among other duties:

"16. Draw warrants on the Treasurer for the payment of all moneys directed by law to be paid out of the Treasury."

This provision clearly contemplates an appropriation of the funds, since, by virtue of the provisions of Article 8, Section 6, of our Constitution, money may not be paid out of the Treasury except pursuant to specific appropriation made by law.

Article 4355 prescribes the requisites of claims and accounts submitted against the State, one of the requisites of the forms prescribed being that the claim show the appropriation number, account number and fund to be charged.

Article 4356 prescribes that there shall be three classes of claim forms, the first of which, the general claim form, embracing, by express provision of the statute, payrolls covering departmental and institutional services.

Article 4357 provides in part as follows:

"When claims and accounts are received, it shall be ascertained if there are funds available therefor; and the person making the examination shall indicate such fact by marking his initials upon such claim; and if there are not funds available, that fact shall be written or stamped upon such claim; and the same shall be held to await the authority to issue a proper warrant therefor. . . . "

Based upon the foregoing statutes, it is the opinion of this Department that the warrant cannot issue in the absence of appropriation for the payment thereof, provided by the Legislature.

For an additional reason, even though we be in error in the conclusion above expressed, no warrant may presently be issued for the payment of salary to Mr. McGill.

House Bill No. 291, Acts Regular Session, 47th Legislature provides:

Honorable George H. Sheppard, page 4

"Section 1. The salaries of all State officers and all State employees, except those Constitutional State officers whose salaries are specifically fixed by the Constitution and except the salaries of the District Judges and other compensation of District Judges shall be, for the period beginning September 1, 1941, and ending August 31, 1943, in such sums or amounts as may be provided for by the Legislature in the general appropriation bills. It is specifically declared to be one of the intents hereof that the Legislature shall also fix the amount of supplemental salaries hereafter, out of Court fees and receipts, to be paid to the clerks and other employees of the Courts of Civil Appeals, the Supreme Court, and the Court of Criminal Appeals.

"Sec. 2. All laws and parts of laws fixing the salaries of all State officers and employees, except those Constitutional State officers whose salaries are specifically fixed by the Constitution and except the salaries of the District Judges and other compensation of District Judges are hereby specifically repealed in so far as they are in conflict with this Act. It is specifically declared to be one of the intents hereof that any and all laws authorizing payment of supplemental salaries from court receipts and fees to clerks and other employees of the courts of Civil Appeals, the Supreme Court, and the Court of Criminal Appeals are repealed in so far as they are in conflict with this Act.

"Sec. 3. The facts that salaries of many State officers and employees were fixed by Statute at a time when the State was in a far more prosperous condition than it is at present and that these Statutes hamper the Appropriations Committees of both Houses of the Legislature in adjusting the salaries of said officers and employees in their efforts to balance the State's budget create an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and the same is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted."

It is to be noted that this Act of the Legislature has the effect of repealing so much of Article 1813 as fixes the amount of salary to be paid Special Commissioners. Since the

Honorable George H. Sheppard, page 5

Legislature has not provided an appropriation to pay such salaries for the current biennium (which appropriation, under House Bill 291, would of course fix the amount of salary to be paid), it follows that the amount of salary to be paid such Special Commissioners is not presently fixed by law. While it is apparent the Legislature intended that Special Commissioners should be compensated for their service, obviously the Comptroller cannot issue warrants for their salaries until the Legislature shall have fixed by law the amount thereof.

APPROVED APR 14, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

RWF:db

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

R. W. Fairchild
Assistant


OPINION
COMMITTEE
BY
CHAIRMAN